UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

| | |
|---|---|
| TYRELLE DEYON JONES,           )<br>    Petitioner,              )<br>                                )<br>V.                              )<br>                                )<br>                                )<br>J. C. HOLLAND, Warden,          )<br>    Respondent.             )  | Civil No. 6: 13-132-KKC<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Tyrelle Deyon Jones is an inmate confined at the United States Penitentiary - McCreary in Pine Knot, Kentucky. Proceeding without counsel, Jones has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and has paid the applicable filing fee. [R. 1]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Jones's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Jones indicates that he was found guilty of one count of conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846 and four counts of distribution of cocaine base in violation of 21 U.S.C. § 841. In light of prior drug convictions in the State of Virginia, Jones's conviction was enhanced pursuant to 21 U.S.C. § 851, and on January 7, 2004, he was sentenced to life imprisonment on the conspiracy count, to be served concurrently with eight-year terms on each

of the distribution counts. The Fourth Circuit affirmed Jones's conviction and sentence on direct appeal, and the sentencing court denied Jones's subsequent motion for relief from the judgment filed pursuant to 28 U.S.C. § 2255. In April 2012, the trial court denied Jones's request for a sentence reduction pursuant to 18 U.S.C. § 3582(c). [R. 1, pp. 1-2]; *United States v. Jones*, No. 4:03-CR-69-RGD-TEM-3 (E.D. Va. 2003).

In his petition, Jones contends that the Court should resentence him under the Fair Sentencing Act of 2010, which modified the 100-1 cocaine-to-crack ratio embodied in the law at the time of his sentencing, to the 18-1 ratio provided under the FSA. [R. 1, p. 2] Relying upon the Sixth Circuit's recent decision in *United States v. Blewett*, No. 12-5226, 2013 WL 2121945 (6th Cir. May 17, 2013), Jones argues that application of the old 100-1 ratio violates the Equal Protection Clause. [R. 1, pp. 3-4] Jones further argues the punishments imposed under the old ratio violate the Eighth Amendment's prohibition against "Cruel and Unusual Punishments," and that 1 U.S.C. § 109 does not prohibit retroactive application of the FSA.[1] [R. 1, pp. 4-8]

In *Blewett*, a divided panel of the Sixth Circuit held that the 100-1 ratio of cocaine to crack embodied in the Anti-Drug Abuse Act of 1986 ("ADAA") was racially discriminatory in its effect. *Blewett*, 2013 WL 2121945, at *4. The majority further held that a judge who determines that, as a matter of construction, the FSA is not retroactively applicable, is at least perpetuating, if not actively engaging in, intentional racial discrimination. *Id*. at *5 ("If we continue now with a construction of the statute that perpetuates the discrimination, there is no longer any defense that the discrimination is unintentional. The discriminatory nature of the old sentencing regime is so obvious that it cannot seriously be argued that race does not play a role in the failure to retroactively apply

---

[1] These arguments have been raised in support of the result, if not the reasoning, of the *Blewett* panel's decision by the defendants in that case in response to the government's petition for rehearing *en banc*, and by *amicus curiae*.

the Fair Sentencing Act."). The majority concluded that, in order to avoid constitutional concerns under the Equal Protection Clause, the doctrine of constitutional doubt required that the FSA be interpreted to be retroactively applicable to all defendants sentenced under the ADAA. *Id*. at *6. Finally, the majority contended that retroactive application of the FSA is compelled by the Sentencing Guidelines and 18 U.S.C. § 3582(c)(2) itself. *Blewett*, 2013 WL 2121945, at *7-8.

The dissent in *Blewett* noted that a constitutional challenge to the ADAA was not raised by either of the parties, but *sua sponte* by the majority without the benefit of briefing; that the majority decision violated the Sixth Circuit's procedural rules by overruling a published decision of a prior panel on the same legal question[2]; and that the majority's decision conflicted with *Dorsey v. United States*, ___ U.S. ___, 132 S.Ct. 2321, 2335 (2012) ("in federal sentencing the ordinary practice is to apply new penalties to defendants not yet sentenced, *while withholding that change from defendants already sentenced*.") (emphasis added). *Blewett*, 2013 WL 2121945, at *9-13 (Gilman, J., dissenting).

This Court has recently held that *Blewett* does not afford a basis for habeas relief pursuant to 28 U.S.C. § 2241. *Powell v. Sepanek*, No. 0:13-cv-72-HRW (E.D. Ky. July 8, 2013). First, the Sixth Circuit's decision in *Blewett* is not final because the Sixth Circuit has not yet entered its mandate. *Youghiogheny and Ohio Coal Co. v. Milliken*, 200 F.3d 942 (6th Cir. 1999) ("Unlike district courts, the courts of appeals direct the district courts and administrative agencies over which they have appellate or reviewing jurisdiction through mandates, not through orders and judgments."). The government has filed a petition for rehearing *en banc* because the panel's decision conflicts with

---

[2] *United States v. Hammond*, 712 F.3d 333, 336 (6th Cir. April 05, 2013) ("[T]he FSA is not retroactive to defendants like Hammond whose sentences were modified after the effective date of the FSA but who were originally sentenced before its effective date. ")

every other circuit court of appeals to have considered the question, and thus the finality of the decision must await the Sixth Circuit's decision whether to rehear the case *en banc*.   Fed. R. App. P. 41(b).

Second, even if the *Blewett* decision were final, it authorizes a defendant to seek relief only by filing a motion for "retroactive resentencing under 18 U.S.C. § 3582(c)(2)," a motion which by its terms must be filed in the court that sentenced him.   *Cf. Dillon v. United States*, ___ U.S. ___, 130 S.Ct. 2683, 2688, 2689-91 (2010).   Jones must therefore seek relief in the United States District Court for the Eastern District of Virginia, not this Court.   In addition, the Sixth Circuit has consistently held that the "savings clause" of 28 U.S.C. § 2255(e) permits a petitioner to file a habeas corpus petition under § 2241 in narrowly-defined circumstances, but only to challenge his or her conviction, not to challenge the sentence imposed.   *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims."); *see also Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009); *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008).   The Court must therefore deny Jones's petition without prejudice to his right to seek redress by appropriate motion in the sentencing court.

Accordingly, **IT IS ORDERED** that:

1.   Jones's petition for a writ of habeas corpus [R. 1] is **DENIED WITHOUT PREJUDICE**.

2.   The Court will enter an appropriate judgment.

3.   This matter is **STRICKEN** from the docket.

This the 15th day of July, 2013.



Signed By:
*Karen K. Caldwell*
United States District Judge